IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0826-04





MICHAEL TODD WEBB, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


FANNIN COUNTY





 Johnson, J., delivered the unanimous opinion of the Court.


O P I N I O N



 Appellant was charged by indictment with possession of less than one gram of
methamphetamine. A jury convicted appellant and sentenced him to two years' confinement in the
state jail division of the Texas Department of Criminal Justice and a fine of $10,000. The court of
appeals affirmed the judgment and sentence of the trial court. Webb v. State, No. 06-03-00099-CR
(Tex. App. - Texarkana, delivered April 29, 2004)(not designated for publication). Appellant
petitioned for discretionary review.

 The record reflects that appellant, while driving a truck with only one headlight, was stopped
by a Bonham police officer. The officer testified that, after appellant got out of his truck, he gave
oral consent to search it. The two passengers also got out of the truck. When the officer searched
the truck, he noticed a small metal container lying on the truck's front seat. The officer found, inside
the container, a blue clear plastic baggie that held a white powdery residue. The officer testified that
he asked to whom the property belonged. No one claimed it, and one of the occupants denied that
any of them owned it. (1) The officer ordered all three to place their hands on the rear of the truck and
advised them that they were all being arrested. He testified that he did so because the controlled
substance was inside the truck, no one claimed ownership, and "[e]verybody could of had access to
where it was located on the bench of the seat." Over appellant's objection, the officer testified that
appellant then claimed ownership of the drugs in the baggie, appellant was detained, and his two
passengers were released. One of the passengers, Charles Sleeman, testified at trial that appellant
made the statement claiming ownership after Sleeman was hand-cuffed. Laboratory analysis
determined that the residue inside the baggie contained methamphetamine.

 The record reflects that, when the state asked the officer at trial about his response to finding
the baggie, appellant objected to "any testimony about anything that was said" by him because he
was in custody. The trial court overruled the objection. After the officer testified that he had advised
all three that they were being arrested, the state asked, "Does anybody say anything at that point?" 
Appellant objected "to any testimony regarding anything [sic] statements by my client with regard
to this" because "[t]he officer has testified that he placed him in custody." The trial court again
overruled the objection, and the officer testified that appellant had acknowledged ownership of the
truck and the residue in the baggie. Later, after a videotape (2) recorded from the officer's patrol car
was played, appellant again objected to the admission of any statements because he was "obviously
in custody." Again, the trial court overruled appellant's objection.

 On appeal, appellant argued that the trial court erred in admitting into evidence, over his
objection, his oral statement claiming possession of the methamphetamine. Appellant asserted that
his unrecorded oral statement was the product of custodial interrogation, was made before he
received the statutorily mandated admonishments, and was, therefore, inadmissible. The court of
appeals concluded that the statement did not stem from a custodial interrogation because the question
about ownership was asked before any detention beyond a typical traffic stop and the officer's
actions in announcing that all three were being arrested for possession of the drugs were not "the
functional equivalent of interrogation." Webb, supra, slip op. at 7-10. We granted appellant's single
ground for review, which asserts that the court of appeals "erred in holding that the trial court's
ruling allowing the introduction into evidence of [his] oral statement admitting ownership of the
substance was not the result of custodial interrogation."

 As the court of appeals determined, appellant was not in custody at the time that the officer
asked about ownership of the baggie. The officer testified that, after no one claimed ownership, he
detained all three occupants because they all had access to the area in which the baggie was found.
He advised the three that they were under arrest. At that point, appellant was in custody. All parties
agree that appellant was not advised of his rights as set out in the Miranda warnings. 

 Appellant asserted in the court of appeals that the statement by the officer that the three were
being arrested did not end there, but continued with the proviso "unless someone claimed ownership
of the drugs." Webb, supra, slip op. at 9. We find that neither the trial testimony not the videotape
support that allegation and that the issue to be decided is whether the officer's action in announcing
the arrest of all of the occupants was reasonably likely to provoke an incriminating response from
one of them, thereby becoming "interrogation" under Miranda and its progeny. We conclude that
the record does not support such a finding and that the officer's arrest of all three was not the
functional equivalent of interrogation. The court of appeals correctly determined that appellant's
claim of ownership while in custody was voluntary, did not result from custodial interrogation, and
was therefore admissible. (3) Rhode Island v. Innis, 446 U.S. 291,300 (1980).

 The judgment of the court of appeals is affirmed.


 Johnson, J.

En banc

Delivered: March 2, 2005

Do not publish


 


1. The officer was unsure which of the three occupants made the statement.
2. The video recorder malfunctioned at the scene. Only the stop and the events up until the three occupants
were detained at the back of the truck were recorded. The statement at issue was not recorded.
3. Even if appellant's statement were improperly obtained, his claim would still fail. While appellant did
object vigorously to the officer's initial testimony about appellant's complained-of statement, he did not object when
that same testimony was elicited later from both the officer and one of the passengers. It is well settled that, in order
to preserve error for review, an objection must be made each time the objected-to evidence is offered and that no
reversible error can be shown when the same evidence is admitted at a different time without objection. Leday v.
State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).